# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHKEEM D. WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KINGS COUNTY SUPERIOR COURT, et al.,<br><br>　　　　Defendants. | Case No. 1:23-cv-00854-ADA-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING THE COMPLAINT<br><br>(ECF No. 1)<br><br>**OBJECTIONS DUE WITHIN TWENTY-ONE DAYS** |

　　　　Plaintiff Ahkeem D. Williams ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on June 5, 2023, against the Kings County Superior Court, Coney P., a supervising court clerk, and a DOE court clerk (collectively, "Defendants"). (ECF No. 1.) The complaint is now before this Court for screening. For the reasons stated herein, the Court recommends that the complaint be dismissed, without prejudice, for failure to state a claim.

///

///

///

# I.

# SCREENING REQUIREMENT

In cases in which the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; see also Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (defining frivolous as "of little weight or importance: having no basis in law or fact"). An action is malicious if it was filed with the "intention or desire to harm another." Andrews, 398 F.3d at 1121 (9th Cir. 2005).

To state a claim upon which relief may be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief …." Fed. R. Civ. P. 8(a)(2). If the factual elements of a cause of action are present but are scattered throughout the complaint and not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8 is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). Thus, to comply with Rule 8, a complaint should clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." Id. Such notice pleading is required in federal court in order to "give the defendant fair notice of what the claim … is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly (Twombly), 550 U.S. 544, 555 (2007) (internal quotations omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal (Iqbal), 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. 544, 555 (2007)). "Vague and conclusory allegations of official participation in civil

rights violations are not sufficient ….” Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiffs proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. See Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). Nonetheless, to survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678–79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). That is, the plaintiff must demonstrate each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969. Thus, where a plaintiff fails to "nudge [his or her] claims … across the line from conceivable to plausible[,]" the complaint is properly dismissed. Iqbal, 556 U.S. at 680 (internal quotations omitted).

Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff brings this civil action against the California Superior Court for Kings County, a DOE clerk of the court that purportedly refused to give Plaintiff her name, and the supervising/managing clerk of the court who only provided the name "Coney P." (ECF No. 1 at 1–2.) Plaintiff purports to be asserting a claim for unspecified Eighteenth and Fifth Amendment violations. (See id. at 4.) Plaintiff visited the state court to "put himself on the calendar to see a judge" regarding alleged violations of policy and the California Constitution by members of the Hanford Police Department. (Id. at 5.) It is unclear from the complaint whether Plaintiff had a

1  pending case before the state court, or sought to raise a complaint against the police directly
2  through the court. (See, generally, ECF No. 1.)  Plaintiff alleges the clerk refused to put him on
3  the calendar. (Id. at 6.)  Thereafter, the clerk's manager/supervisor also refused to put Plaintiff on
4  the court's calendar. (Id.)  Plaintiff claims the clerks gave him the "run around," and seeks an
5  order from this Court requiring the state court to "open it[s] doors for [Plaintiff's case or claim
6  against the Hanford Police Department to] be granted." (Id.)  Plaintiff also seeks punitive damage
7  against Defendants based on their behavior. (Id. at 7.)

## III.

## DISCUSSION

### A.     Section 1983/Linking Requirement

To state a claim under § 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Benavidez v. Cnty. of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021) (citing Long v. Cnty. of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006); West v. Atkins, 487 U.S. 42, 48 (1988)).  This requires the plaintiff to demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934; see also Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)) (a deprivation occurs if the defendant "does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do").  In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of his federal rights.  Moreover, the complaint must allege that each defendant acted with the requisite state of mind to violate the underlying constitutional provision. OSU Student All. v. Ray, 699 F.3d 1053, 1070 (9th Cir. 2012).

Here, Plaintiff has not alleged facts sufficient to state any claim.  In fact, hardly any facts are alleged whatsoever and it is unclear what rights Plaintiff claims were violated.  Consequently, Plaintiff's bare assertion that Defendants violated his rights under the Fifth and Eighteenth Amendments is conclusory and insufficient to state a cause of action against any Defendant.

### B. Claims against Kings County Superior Court

With respect to Plaintiff's claims against the Kings County Superior Court, the state court is an arm of the State of California. Simmons v. Sacramento Cnty. Super. Ct., 318 F.3d 1156, 1161 (9th Cir. 2003). As an arm of the state, the superior court is entitled Eleventh Amendment immunity. Id.; see also Greater L.A. Council on Deafness v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987) ("We conclude that a suit against the Superior Court is a suit against the State, barred by the eleventh amendment."). As such, Plaintiff's claims against the Kings County Superior Court are barred.

### C. Official Capacity Claims – Eleventh Amendment Bar

Similarly, to the extent Plaintiff's claims are asserted against the clerks of the court in their official capacity, Plaintiff is suing the entity itself. See Kentucky v. Graham, 473 U.S. 159, 165–66 (1985) (suing a public employee in his official capacity under § 1983 is equivalent to suing the entity itself). As claims against the superior court are barred by the Eleventh Amendment, any claims against the clerks in their official capacities are similarly barred. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) ("[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities.") (citations omitted). Thus, Plaintiff's claim for money damages against the Defendant clerks in their official capacities fails as a matter of law.

### D. Individual Capacity Claims – Quasi-Judicial Immunity

To the extent Plaintiff seeks to sue Defendant clerks of the court Doe and her supervisor (Coney P.) in their individual capacities, Plaintiff's claim again appears to be barred. "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." Mullis v. U.S. Bankr. Ct. for the Dist. of Nev., 828 F.2d 1385, 1390 (9th Cir. 1987); see also Morrison v. Jones, 607 F.2d 1269, 1273 (9th Cir. 1979). In Mullis, a debtor brought a civil rights action against bankruptcy court clerks. Mullis, 828 F.2d at 1390. The debtor alleged that the bankruptcy court clerks accepted and filed his bankruptcy petition, but then refused to accept and file an amended petition in violation of his constitutional rights. Id. The Ninth Circuit held that the court clerks'

refusal to accept and file an amended petition was a basic and integral part of the judicial process, and as such, the clerks were entitled to quasi-judicial immunity from damages. Id. ("The commencement of an action by filing a complaint or petition is a basic and integral part of the judicial process" and noting the clerk of court and deputy clerks are the officials through whom such filing is done).

Here, Plaintiff claims the Defendant clerks of the court (Doe and Coney P.) refused to schedule Plaintiff on the court's docket calendar to state his grievances against the Hanford Police Department to the state court judge. (ECF No. 1 at 5–6.) It is unclear whether Plaintiff's request related to an already pending civil action, or if Plaintiff was attempting to initiate an action at that time and immediately be given a hearing date. Regardless, the court clerks' decision not to put Plaintiff's unspecified matter on the court's docket for hearing is a basic and integral part of the judicial process. Accordingly, the Defendant clerks of the court are entitled to absolute quasi-judicial immunity from damages in connection with their actions. See Mullis, 828 F.2d at 1390; see also Juarez v. Clerk, U.S. Fed. Ct., San Jose, No. C 08-5691 RMW (PR), 2009 WL 385796 at *1 (N.D. Cal. Feb. 13, 2009) (district court clerk was entitled to absolute quasi-judicial immunity for allegedly failing to send plaintiff court opinion denying his previously filed federal case); White v. Dep't of Corrs., No. 1:07-cv-01796 OWW-DLB PC, 2008 WL 5246161 at *3 (E.D. Cal. Dec. 15, 2008) (California Supreme Court clerk is immune from damages for allegedly refusing to give plaintiff's court documents to the magistrate judge); Palacios v. Fresno Cnty. Super. Ct., No. 1:08cv0158 OWW DLB, 2008 WL 314337, at *2–3 (E.D. Cal. Feb. 4, 2008) (Fresno County Superior Court clerks were entitled to absolute quasi-judicial immunity for allegedly providing plaintiff with misinformation). As such, Plaintiff's claims against the court clerks in their individual capacities also fail.

### E. Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," because "the court must remain guided by the underlying purpose of Rule 15 … to facilitate decisions on the merits, rather than on the pleadings or technicalities." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and

internal quotation marks omitted). Nevertheless, a district court need not grant leave to amend where the amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the party seeking amendment has acted in bad faith. Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court." Id.

Here, not only does the instant complaint fail to allege facts sufficient to state a claim; Plaintiff's claims, as asserted against the defendant clerks of the court and the superior court, are also barred as a matter of law based on Eleventh Amendment and quasi-judicial immunities. These defects cannot be cured through the assertion of additional facts; therefore, amendment would be futile. Leadsinger, Inc., 512 F.3d at 532. Accordingly, leave to amend should be denied.

## IV.

## FINDINGS AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that

1. The complaint (ECF No. 1) be DISMISSED, without prejudice, for failure to state a claim; and

2. The Clerk of the Court be DIRECTED to CLOSE this action.

These findings and recommendations are submitted to the District Judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. **Within twenty-one (21) days** of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

///
///
///
///

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 30, 2023**

UNITED STATES MAGISTRATE JUDGE